IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| VISTA VIEW LLC,<br>CAPITAL HEIGHTS LLC,<br>SOUTHMOOR LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>AMTAX HOLDINGS 412, LLC,<br>AMTAX HOLDINGS 523, LLC,<br>AMTAX HOLDINGS 162, LLC,<br>TAX CREDIT HOLDINGS I, LLC,<br>TCH II PLEDGE POOL, LLC,<br>ALDEN PACIFIC ASSET,<br>MANAGEMENT, LLC, and<br>ALDEN TORCH FINANCIAL, LLC,<br><br>    Defendants. | Case No:   2:15-cv-15075<br><br>HON. JOHN COPENHAVER<br><br>MAGISTRATE JUDGE<br>DWANE L. TINSLEY<br><br>JURY DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs, Vista View LLC, Capital Heights LLC, and Southmoor LLC, by their undersigned attorneys and for their First Amended Complaint against Defendants, Amtax Holdings 412, LLC, Amtax Holdings 523, LLC, Amtax Holdings 162, LLC, Tax Credit Holdings I, LLC, TCH II Pledge Pool, LLC, Alden Pacific Asset Management, LLC, ("Alden Management"), and Alden Torch Financial, LLC, ("Alden LLC"), state as follows:

*Vista View*

1.    Vista View LLC is a Limited Liability Company organized and having its principal place of business in West Virginia. It is the General Partner of Vista View Apartments LP, a West Virginia limited partnership. Vista View Apartments LP owns a 333 unit multifamily rental housing development in the City of Charleston, West Virginia.

2. Amtax Holdings 412, LLC, is a Limited Liability Company organized and having its principal place of business in Ohio. It is the Investor Limited Partner of Vista View Apartments LP.

3. Tax Credit Holdings I, LLC, is a Limited Liability Company organized and having its principal place of business in Delaware. It is the Special Limited Partner of Vista View Apartments LP.

4. Alden Management is a Limited Liability Company. It holds itself out as the authorized representative of both Amtax Holdings 412, LLC, and Tax Credit Holdings I, LLC.

5. Alden LLC is a Limited Liability Company that holds an ownership interest in and exerts control over the Limited Partners of Vista View Apartments LP.

*Capital Heights*

6. Capital Heights LLC is a Limited Liability Company organized and having its principal place of business in West Virginia. It is the General Partner of Capital Heights Townhomes LP, a West Virginia limited partnership. Capital Heights Townhomes LP owns a 110 unit multi-family rental housing development in Martinsburg, West Virginia.

7. Amtax Holdings 523, LLC is a Limited Liability Company organized and having its principal place of business in Ohio. It is the Investor Limited Partner of Capital Heights Townhomes LP.

8. Tax Credit Holdings I, LLC is a Limited Liability Company organized and having its principal place of business in Delaware. It is the Special Limited Partner of Capital Heights Townhomes LP.

9. Alden Management is a Limited Liability Company. It holds itself out as the authorized representative of both Amtax Holdings 523, LLC, and Tax Credit Holdings I, LLC.

10. Alden LLC is a Limited Liability Company that holds an ownership interest in and exerts control over the Limited Partners of Capital Heights Townhomes LP.

*Southmoor Hills*

11. Southmoor LLC is a Limited Liability Company organized and having its principal place of business in West Virginia. It is the General Partner of Southmoor Hills Apartments LP, a West Virginia limited partnership. Southmoor Hills Apartments LP owns a 248 unit multi-family rental housing development in South Charleston, West Virginia.

12. Amtax Holdings 162, LLC is a Limited Liability Company organized and having its principal place of business in Ohio. It is the Investor Limited Partner of Southmoor Hills Apartments LP.

13. TCH II Pledge Pool, LLC is a Limited Liability Company organized and having its principal place of business in Delaware. It is the Special Limited Partner of Southmoor Hills Apartments LP.

14. Alden Management is a Limited Liability Company. It holds itself out as the authorized representative of both Amtax Holdings 162, LLC and TCH II Pledge Pool, LLC.

15. Alden LLC is a Limited Liability Company that holds an ownership interest in and exerts control over the Limited Partners of Southmoor Hills Apartments LP.

*Historical Background*

16. Vista View Apartments LP was formed in 2004. Since its inception, the General Partner has been Vista View LLC. Also since its inception, the property has been managed by a property management company, FMG Property Management LLC, which is affiliated with the General Partner. Affiliates of the General Partner have advanced to the partnership, or are otherwise owed by the partnership, more than $6.5 million.

17. Since its inception, Vista View Apartments LP has retained an accounting firm to audit the books and records of the partnership. Each year since its inception, an independent auditor has prepared reports which include a balance sheet, statements of operations, statements of partners' equity, cash flows statements, and footnotes describing all related-party transactions. These audited financial statements were provided to the Investor Limited Partner and Special Limited Partner each year.

18. Capital Heights Townhomes LP was formed in 2003. Since its inception, the General Partner has been Capital Heights LLC. Also since its inception, the property has been managed by a property management company, FMG Property Management LLC, which is affiliated with the General Partner.

19. Since its inception, Capital Heights Townhomes LP has retained an accounting firm to audit the books and records of the partnership. Each year since its inception, an independent auditor has prepared reports which include a balance sheet, statements of operations, statements of partners' equity, cash flows statements, and footnotes describing all related-party transactions. These audited financial statements were provided to the Investor Limited Partner and Special Limited Partner each year.

20. Southmoor Hills Apartments LP was formed in 2002. Since its inception, the General Partner has been Southmoor LLC. The property was originally managed by an unrelated property management company. Since about April 2003, the property has been managed by a property management company, Ten South Management Company, LLC, which is affiliated with the General Partner. Affiliates of the General Partner have advanced to the partnership, or are otherwise owed by the partnership, more than $1,000,000.

21. Since its inception, Southmoor Hills Apartments LP has retained an accounting firm to audit the books and records of the partnership. Each year since its inception, an independent auditor has prepared reports which include a balance sheet, statements of operations, statements of partners' equity, cash flows statements, and footnotes describing all related-party transactions. These audited financial statements were provided to the Investor Limited Partner and Special Limited Partner each year.

*Recent Events*

22. On information and belief, a controlling interest in the Investor Limited Partners and the Special Limited Partners in Vista View Apartments LP, Capital Heights Townhomes LP and Southmoor Hills Apartments LP, (collectively "West Virginia Limited Partnerships"), has changed over the years. Also on information and belief, in about April 2015, Alden LLC acquired an ownership interest in the Investor Limited Partner and the Special Limited Partner in each of the West Virginia Limited Partnerships. Through its ownership interest and otherwise, Alden LLC exerts control over the Investor Limited Partner and the Special Limited Partner in each of the West Virginia Limited Partnerships.

23. On March 30, 2015, and May 18, 2015, the predecessor of Alden Management, HCP Pacific Management, LLC, sent letters to each of the Plaintiffs asserting that Plaintiffs had committed certain defaults under the limited partnership agreements.

24. This was the first time that any of the Investor Limited Partners or Special Limited Partners in any of the West Virginia Limited Partnerships asserted that Plaintiffs had committed any acts that constituted a default of their obligations as General Partners.

25. Plaintiffs denied and continue to deny that they have committed any acts of default.

26. The dispute in March 2015 involved accounting issues dating back to 2007. These issues would not have arisen had the Limited Partners voiced any concerns when they received the audits as they were prepared each year and had the Limited Partners submitted timely bills for the amounts they asserted in March 2015 that they were owed for prior years. Nevertheless, an affiliate of the General Partners agreed to pay certain sums to the Limited Partners in an effort to resolve the disputes and did so in April 2015.

27. Following receipt of those funds, the Limited Partners asserted that the alleged defaults were not cured, because the payments did not include interest. Contrary to the Limited Partners' assertion, no interest was owed to them or provided for under the partnership agreements pertaining to each of the West Virginia Limited Partnerships. The Limited Partners also asserted through their representative that the Limited Partners had the right to demand that the General Partners remove the management agents on each of the properties.

28. Counsel for the General Partners wrote to counsel for the representative of the Limited Partners on May 21, 2015, explaining that no event of default had occurred, and explaining that the Limited Partners had no right to direct who the management agents of the properties were to be.

29. The Limited Partners did not respond to that letter.

30. On September 22, 2015, Martin Bershtein, who identified himself as Director of Tax Credits for an entity called Capreit, contacted the West Virginia Housing Development Fund and announced that "Capreit is going to be taking over the general partnership interest and property management on 2 deals: Vista View in Charleston and Capital Heights in Martinsburg."

31. On October 1, 2015, counsel for Alden Management sent a letter to each of the Plaintiffs identifying Alden Management as the authorized representative of the Limited Partners of each of the West Virginia Limited Partnerships.

32. In each of those letters, Alden Management asserted that Plaintiffs were in default of their obligations as General Partners in each of the West Virginia Limited Partnerships and offered "one final opportunity" to cure the alleged defaults. The letters further stated that the Limited Partners demanded that Plaintiffs agree to several conditions in order for the Limited Partners "to permit" Plaintiffs to continue serving as the General Partners of the West Virginia Limited Partnerships.

33. The Limited Partners have asserted that that General Partners have breached their obligations by allowing the West Virginia Limited Partnerships to pay to the management agents bookkeeping fees and related fees. To the contrary, those fees are reasonable and necessary and it is within the General Partners' express authority set forth within the respective partnership agreements to authorize those services and the payment for those services.

34. These fees have been paid on Vista View and Capital Heights since 2007, and have been fully disclosed in monthly unaudited and audited financial statements every year since then, which the Limited Partners received as they were prepared. At Southmoor, such fees were paid to the initial management company beginning in 2001. That management company was expressly approved by the Limited Partners and had no affiliation with the General Partner. Again, the audited financial statements fully disclosed such fees each year.

35. The first time any Limited Partner voiced any objection to bookkeeping fees and related fees was in 2015.

36. One of the conditions set forth in the October 1, 2015, letters is that the General Partners remove the management agents on each property pursuant to Section 8.18 of the limited partnership agreements for Vista View and Capital Heights.

37. Section 8.18 of those limited partnership agreements does not permit the Limited Partners to demand that the General Partners remove the management agents, unless there is good cause for doing so. There is no good cause and/or reason why the General Partners would terminate the management agents at any of the properties.

38. There is also no good cause and/or reason for the Limited Partners to demand that the General Partners remove the management agents at any of the properties. After payment of project expenses, the cash flow for each property is distributed entirely to the General Partners and its affiliates to the extent they have advanced money to the West Virginia Limited Partnerships, and then 80% or more of any remaining cash flow belongs to the General Partners. Because the General Partners have advanced millions of dollars to these partnerships, the General Partners have by far the greatest economic interest in the management of the partnerships. As to Vista View alone, affiliates of the General Partner have advanced or are otherwise entitled to recover more than $6 million for that partnership.

39. Moreover, given the September 22, 2015, email of Martin Bershtein advising the West Virginia Housing Development Fund that Capreit was taking over both the general partnership interest and property management of Vista View and Capital Heights, it is clear that the October 1, 2015, letters from counsel for Defendants providing Plaintiffs "one final opportunity" to remain General Partner was a purposeful effort to commit fraud. Defendants had, and have, no intention of allowing the General Partner to continue to serve in that role without objection and are willing to create any number of fictitious reasons to attempt to wrongfully

remove Plaintiffs from that role. Thus, Plaintiffs have no choice but to seek this Court's assistance in exercising its rights to stay in that role as General Partners on their respective projects free of Defendants' harassment, unlawful interference and attempted fraud.

40. Moreover, the September 22, 2015, email of Martin Bershtein to the West Virginia Housing Development Fund has caused irreparable harm to Plaintiffs' goodwill, reputations and investments, because Plaintiffs' affiliates are in the process of researching and making other investments in West Virginia affordable housing and will be seeking additional credits in connection with current and future investments in West Virginia and are dependent on having a good relationship with the West Virginia Housing Development Fund and other similar related entities.

41. Alden LLC and Alden Management caused the counterclaim to be filed in this case and caused a complaint to be filed against certain Scott Canel controlled entities in the Southern District of Ohio, Western Division (Case No. 1:15-cv-723) (the "Ohio Action") prior to the initiation of this action.

42. The Ohio Action involves partnership properties for which Scott Canel related entities act as general partners and Scott Canel related entities manage the properties. A Scott Canel trust holds a controlling interest in the Plaintiff LLCs in this action.

43. This Action involves the three West Virginia Limited Partnerships and the Ohio Action involves four Ohio Limited Partnerships.

44. All of the seven partnership agreements give the General Partner the right to purchase the real estate, fixtures and personal property comprising the Apartment Complexes following the close of the compliance period, which is approaching soon. (See for example,

Exhibit A, the Vista View Apartments LP Amended and Restated Agreement of Limited Partnership, with subsequent amendments attached, p. 72, Section 8.21).

45. Alden LLC and Alden Management maliciously caused the Ohio Limited Partners to initiate the Ohio Action, and the West Virginia Limited Partners to initiate a counterclaim here, as part of a scheme to wrest control of the partnerships and to prevent the General Partners in the seven partnerships from exercising their right to acquire properties.

46. Further, the West Virginia Limited Partners submitted and received payment for inflated billings for Asset Management Fees, which they have refused to repay.

*Jurisdiction and venue*

47. This Court has jurisdiction over each of these claims pursuant to 28 U.S.C. § 1332, as the amount in controversy far exceeds $75,000 as to each property/partnership and on the whole for all three properties/partnerships, exclusive of interest and costs, and is between citizens of different states. Each of the Plaintiffs is a limited liability company organized and having its principal place of business in West Virginia, and each member of each Plaintiff is a citizen of the State of Illinois. Each Defendant also is a limited liability company organized and, upon information and belief, each member of each Defendant is a citizen of a state other than West Virginia or Illinois.

48. On the Southmoor project, affiliates of the General Partner have advanced to, or are otherwise owed by, the Limited Partnership in excess of $1,000,000. On the Vista View project, affiliates of the General Partner have advanced to, or are otherwise owed by, the Limited Partnership in excess of $6.5 million. If the relief sought herein is not granted, the recovery of those amounts would be placed in significant jeopardy. In addition, the Limited Partners have asserted that they are entitled to remove the General Partners on each of the properties. The

interests of the General Partners are worth millions of dollars on each of the three properties at issue, and those interests have also been placed in significant jeopardy.

49. This Court has the authority to render the declaratory judgment requested in accordance with 28 U.S.C. § 2201 and Plaintiffs are entitled to the declaratory judgment sought herein.

50. Venue is appropriate in this Court because a majority of the properties at issue are situated within this Court's geographic area of coverage. Vista View Apartments is located in Charleston, Kanawha County, West Virginia and Southmoor Apartments is located in South Charleston, Kanawha County, West Virginia.

## Count I
## Breach of Contract

51. Plaintiffs reallge and incorporate herein by reference the allegations of paragraphs 1 through 50 above as the allegation of this paragraph 51.

52. Plaintiff, Vista View, LLC, entered into a limited partnership agreement with certain limited partners. (Exhibit A). Amtax Holdings 412 LLC is the Investor Limited partner and Tax Credit Holdings I, LLC, is the Special Limited Partner of Vista View Apartments, LP.

53. Plaintiff, Capital Heights, LLC, entered into a limited partnership agreement with certain limited partners. (Exhibit B, the Capital Heights Townhomes LP Amended and Restated Agreement of Limited Partnership, with subsequent amendments attached). Amtax Holdings 523, LLC is the Investor Limited partner and Tax Credit Holdings I, LLC is the Special Limited Partner of Capital Heights Townhomes LP.

54. Plaintiff, Southmoor, LLC, entered into a limited partnership agreement with certain limited partners. (Exhibit C, the Southmoor Hills Apartments LP Amended and Restated Agreement of Limited Partnership, with subsequent amendments attached). Amtax Holdings

162, LLC, is the investor limited partner and TCH II Pledge Pool, LLC, is the Special Limited Partner of Southmoor Hills Apartments LP.

55. Defendant Limited Partners breached their respective partnership agreements by bringing this Action in bad faith, by wrongfully attempting to wrest control over the West Virginia Limited Partnerships, by acting to prevent the General Partners from exercising their rights under the Partnership Agreements, and by not returning over-payments made to them for Asset Management Fees that they improperly received.

56. Plaintiffs have been damaged by Defendants' breaches of the partnership agreements.

## Count II
## Breach of Fiduciary Duty

57. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 56 above as the allegations of paragraph 57.

58. Defendant Limited Partners attempted to control the management of the West Virginia properties in an attempt to take on the role of general partner.

59. As such, Defendant Limited Partners assumed fiduciary duties to their partners.

60. Defendant Limited Partners breached their fiduciary duties to Plaintiff General Partners by improperly attempting to seize control of the West Virginia Limited Partnerships, by asserting they have the right to take over the general partnership of the West Virginia Limited Partnerships and to require that a new management company be retained, and by acting in bad faith.

61. Defendant Limited Partners' attempts to take over the day to day management and general partner functions have caused irreparable harm to Plaintiffs' good will, reputations and investments as described above.

62. Defendants Alden LLC and Alden Management conspired with the Limited Partners to breach their fiduciary duties, aided and abetted and encouraged the Limited Partners to breach their fiduciary duties, and as such are liable for the injuries they have caused to the same extent as the Limited Partners.

### Count III
### Tortious Interference with Contract

63. Plaintiffs reallge and incorporate herein by reference the allegations of paragraphs 1 through 62 above as the allegation of this paragraph 63.

64. Alden LLC and Alden Management were aware of the limited partnership agreements and the parties' legally protectable interests.

65. Alden LLC and Alden Management intentionally and without justification caused the Limited Partners to breach their obligations as set forth herein.

66. The conduct of Alden LLC and Alden Management has injured Plaintiff General Partners as set forth herein.

### Count IV
### Declaratory Relief

67. Plaintiffs reallge and incorporate herein by reference the allegations of paragraphs 1 through 66 above as the allegation of this paragraph 67.

68. Plaintiffs are not and have not been in default of any of their obligations as General Partners in the West Virginia Limited Partnerships.

69. Defendants have waived any objections to any action taken or action not taken by Plaintiffs by failing to object to those actions or that inaction for more than ten years.

70. Defendants are estopped from asserting that any action taken or action not taken by Plaintiffs constitutes an event of default by failing to object to those actions or that inaction for more than ten years.

71. Defendants have no right to demand that Plaintiffs be replaced as General Partners of the West Virginia Limited Partnerships.

72. Defendants have no right to demand that Plaintiffs replace the management agents on any of the properties.

73. Defendants have no right to manage the West Virginia Limited Partnerships, including but not limited to causing a management company to contact the West Virginia Housing Development Fund.

## Count V
### Injunctive Relief

74. Defendants' actions in causing a management company to contact the West Virginia Housing Development Fund and to announce that it is replacing the management agents on the Vista View and Capital Heights properties has caused irreparable harm to Plaintiffs' relationship with that entity and will continue to cause irreparable harm unless Defendants are enjoined from interfering with the management of the West Virginia Limited Partnerships and the management of the properties.

**PRAYER FOR RELIEF**

For these reasons, Plaintiffs respectfully request that this Court enter judgment in their favor and against each of the Defendants by: (1) declaring that Plaintiffs are not in default of any of their obligations to the West Virginia Limited Partnerships or to the Limited Partners; (2) declaring that Defendants have no right to cause Plaintiffs to be removed as General Partners; (3) declaring that Plaintiffs are not obligated to replace the management agents on any of the

properties; (4) enjoining Defendants from communicating, directly or indirectly, with any third party, including but not limited to the West Virginia Housing Development Fund, concerning the management of the West Virginia Limited Partnerships or the properties they own; (5) awarding Plaintiffs compensatory and punitive damages, together with their costs and attorney's fees incurred in this action; (6) awarding disgorgement relief including disgorging the Limited Partners of their limited partner interests in the West Virginia Limited Partnerships; (7) ordering Defendants to repay excess Asset Management Fees, with prejudgment interest; and (8) providing any other relief the Court deems just and proper.

Respectfully submitted,

By: /s/Peter M. King- (IL Bar#6183270)
William H. Jones (IL Bar#6201398)
Michael E. Crane (IL Bar#6312595)
**CANEL, KING & JONES**
Three First National Plaza
70 W. Madison Street, Suite 3970
Chicago, Illinois 60602
Telephone: (312) 372-4142
Facsimile: (312) 372-6737
Email: pking@kingjoneslaw.com
Email: wjones@kingjoneslaw.com
Email: mcrane@kingjoneslaw.com

-and-

David J. Mincer (WV Bar # 7486)
**BAILEY & WYANT, PLLC**
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
Telephone: (304) 345-4222
Facsimile: (304) 343-3133
Email: dmincer@baileywyant.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record who have enrolled and registered for receipt of filings via the Court's ECF system, and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants: NONE.

*/s/ Peter M. King*