UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


VISTA VIEW LLC, CAPITAL HEIGHTS
LLC, and SOUTHMOOR LLC,

       Plaintiffs,

v.                              Civil Action No. 2:15-15075

AMTAX HOLDINGS 412, LLC, AMTAX
HOLDINGS 523, LLC, AMTAX HOLDINGS
162, LLC, TAX CREDIT HOLDINGS I,
LLC, TCH II PLEDGE POOL, LLC, and
ALDEN PACIFIC ASSET MANAGEMENT, LLC,

       Defendants.


<u>MEMORANDUM OPINION & ORDER</u>


       Pending is defendants' motion to transfer this action
to the United States District Court for the Southern District of
Ohio (ECF No. 22), filed January 20, 2016.  The plaintiffs, who
initially opposed the motion to transfer, have since filed on
September 8, 2016, their withdrawal of their objections to
transfer and, by telephone conference with the court and lead
counsel for the parties on September 18, 2016, plaintiffs have
agreed unconditionally to transfer of this case to the Southern
District of Ohio.  The court finds that plaintiffs' consent
waives the forum selection clause provision in the Southmoor
component of this action, which would require adjudication of

the Southmoor prong in this district, and which provision has
served as an obstacle to transfer as to that one-third of this
action.

Apart from consent by the parties to transfer, the
court also finds transfer appropriate under 28 U.S.C. § 1404(a)
for the reasons that follow.

## I.  Background

Plaintiffs Vista View LLC, Capital Heights LLC, and
Southmoor LLC are West Virginia limited liability corporations,
each of which serves as the General Partner of a limited
partnership operating a rental housing development in West
Virginia (Vista View Apartments LP, Capital Heights Townhomes
LP, and Southmoor Hills Apartments LP, respectively).  Each of
the plaintiffs is controlled by the same person, Scott Canel, a
resident of Illinois.

Defendants are limited partners and the primary
investors in the aforementioned limited partnerships.  Amtax
Holdings 412, LLC and Tax Credit Holdings I, LLC are limited
partners of Vista View Apartments LP.  Amtax Holdings 523, LLC
and Tax Credit Holdings 1, LLC are limited partners of Capital
Heights Townhomes LP.  Amtax Holdings 162, LLC and TCH II Pledge
Pool, LLC are limited partners of Southmoor Hills Apartments LP.

2

Alden Pacific Asset Management, LLC ("Alden") is a limited liability company which acts as the "authorized representative" of the Amtax and Tax Credit Holdings defendants.  (Pls. Comp. ¶¶ 4-12).

In addition to the three West Virginia plaintiffs, Mr. Canel operates the general partners of four housing development partnerships in Ohio, as well as two Illinois companies which are employed as the property management agents at the housing developments in both Ohio and West Virginia ("FMG Property Management LLC" and "Ten South Management Company LLC").  Like the West Virginia partnerships, each of the Ohio partnerships is funded by limited partner investors affiliated with Alden.  For the sake of clarity and where distinctions are not otherwise relevant, the court refers to the general partner LLCs and management companies controlled by Mr. Canel as the "Canel entities" and the investor limited partners, including but not limited to defendants, as the "Alden companies."

At bottom, this action arises from an ongoing contractual dispute between the Alden companies and the Canel entities.  At some point in 2015, the Alden companies concluded, based on audits of the seven partnerships, that the Canel entities had been charging inappropriate management fees and making unauthorized loans to Mr. Canel's family trust.  In March

3

2015, the Alden companies informed the Canel entities that they believed these allegedly improper payments constituted defaults under the partnership agreements.  Subsequently, the Canel entities repaid some amounts relating to these allegations, but the exact extent of debts outstanding and their nature is disputed between the parties.  The Alden companies have made attempts to notice additional perceived defaults, and claim that the Canel entities continue to breach provisions of their partnership agreements.  For their part, the Canel entities claim that the fees and loans at issue were proper and that the Alden companies are attempting to use technical defaults to deprive them of their role as general partners in the partnerships and as a pretext to replace the current management agents, controlled by Mr. Canel.

On November 10, 2015, five Alden companies, each of which is a limited partner in one or more of the four Ohio housing development partnerships, brought an action in the Southern District of Ohio against Mr. Canel, the partnerships' four general partners, and their management company (the "Ohio action").[1]  The Ohio action seeks a declaratory judgment stating

---

[1] See Case No. 1:15-cv-723.  The plaintiffs are Amtax Holdings 204, LLC; Amtax Holdings 205, LLC; Amtax Holdings 206, LLC; Amtax Holdings 265, LLC; and TCH II Pledge Pool, LLC. The defendants are Scott Canel; Amberly, LLC; Ashwood, LLC; Eastpointe, LLC; Kettering, LLC; and Ten South Management

that the defendants named therein breached the relevant

partnership agreements as well as their fiduciary duties to the

partnerships by virtue of the allegedly improper fees and loans

referenced above.  The complaint also contains a claim for

tortious interference with a contract against Mr. Canel and the

management company.

Three days after the filing of the Ohio action, on

November 13, 2015, plaintiffs instituted their action in this

court.  Plaintiffs seek a declaratory judgment ruling that they

are not in default of their obligations as general partners of

the West Virginia partnerships, that defendants have no right to

remove them as general partners, and that plaintiffs are not

obligated to replace the current management agents of the

properties.  Plaintiffs also seek an injunction against

defendants, to prevent them from allegedly contacting third

parties, including the West Virginia Housing Development Fund,

concerning the management of the housing development properties

in West Virginia.[2]

---

Company, LLC.

[2] Defendants in the West Virginia action have also filed
counterclaims advancing essentially the same allegations as
those contained in the Ohio complaint.

## II. Governing Standard

The defendants have filed their motion to transfer this action to the Southern District of Ohio for consolidation with the Ohio action under each the Fourth Circuit's first-filed rule[3] and 28 U.S.C. § 1404(a).

Section 1404(a) provides pertinently as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought.

28 U.S.C. 1404(a). Section 1404(a) transfer is dependent upon the "weigh[ing] . . . [of] a number of case-specific factors." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Factors considered include ""(1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having

---

[3] The first-filed rule provides that "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." Allied-General Nuclear Services v. Commonwealth Edison Co., 675 F.2d 610, 611 n. 1 (4th Cir. 1982) (citing Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc., 140 F.2d 47, 49 (4th Cir. 1944)).

local controversies decided at home; and (7) the interests of

justice." <u>Landers v. Dawson Const. Plant, Ltd.</u>, 201 F.3d 426

(4th Cir. 1999) (table) (quoting Alpha <u>Welding & Fabricating,</u>

<u>Inc. v. Heller</u>, 837 F. Supp. 172, 175 (S.D. W. Va. 1993)).

### III. Analysis

As an initial matter, the court notes that this

action, save for the Southmoor portion and its forum selection

clause, could have been filed in the Southern District of Ohio,

because the defendants are all either Ohio corporations or

corporations which do extensive business in Ohio, and personal

jurisdiction would lie against them in that venue.  Thus, the

remaining question for the court is whether the balance of

Section 1404(a) factors favors transfer.

The factors noted above apply rather neutrally to

jurisdiction in either district except for convenience of the

parties and the interest of justice, both of which strongly

favor transfer.  The issues arising in both cases are largely

the same.  In particular, the enormous discovery in each case is

very largely duplicative.  Due to the costs for both the court

and the parties of parallel litigation and the risk of

inconsistent results, "courts consistently recognize that the

existence of a related action in the transferee district is a

strong factor to be weighed with regard to judicial economy, and may be determinative." Rabbi Jacob Joseph Sch. v. Province of Mendoza, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004) (emphasis added); see also D2L Ltd. V. Blackboard, Inc., 671 F. Supp. 2d 768, 783 (D. Md. 2009) (noting that the interest of justice "weighs heavily in favor of transfer when a related action is pending in the transferee forum") (citation omitted). Given the weighty efficiency concerns, the court finds that, on balance, the Section 1404(a) factors favor transfer to the Southern District of Ohio.

## IV. Conclusion

For the reasons stated, the court ORDERS that the defendants' motion to transfer this action to the Southern District of Ohio be, and it hereby is, granted

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented parties.

DATED:  September 30, 2016

John T. Copenhaver, Jr.
United States District Judge

8